IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  : Chapter 13
: Case No. 18-13469-ELF
TODD D. POLIN,  : Consent Order Settling
and HEATHER E. POLIN,  : Capital One Auto Finance,
: a division of Capital One, N.A.'s
Debtors  : Motion For Relief From The Automatic
: Stay Pursuant To 11 U.S.C. § 362

AND NOW, this _____ day of _____, 2019, this matter having come before this Court upon application of Capital One Auto Finance, a division of Capital One, N.A. (hereinafter referred to as "*COAF*"), a secured creditor of the above-named Debtors, by its counsel, for relief from the automatic stay pursuant to 11 U.S.C. § 362;

AND It appearing that Debtors, *Todd D. Polin and Heather E. Polin*, through Debtors' attorney, *Brad J. Sadek, Esquire*, have reached an agreement with regard to said Motion for Relief regarding a 2011 NISSAN Pathfinder-V6 Utility 4D SV 4WD, V.I.N. 5N1AR1NB5BC630409 (the "Vehicle"), as per the terms contained in this Order;

AND, it appearing that Debtors are indebted to *COAF* on a loan which enabled Debtors to purchase said Vehicle, which loan terms are set forth in a Retail Installment Contract (the "Contract"); and

It appearing that *COAF* is the holder of a secured claim against the Debtors and;

It appearing that the Debtors are in arrears post-petition in the amount of *$3,521.00* ($3,040.00 in missed payment, plus $481.00 in attorney's fees and costs) as of February 25, 2019;

It appearing that the Debtors and *COAF* have reached an agreement to cure post-petition arrears and attorney's fees and costs, the Debtor agrees to pay *$586.84* of the current arrears monthly beginning March 16, 2019 for the next six (6) months (with payments due on the sixteenth of each month) to cure said arrears, while making regular monthly post-petition payments ($380.00 per the Contract) due under the Contract beginning with the March 16, 2019 payment for a total monthly payment from March 16, 2019 through August 16, 2019 of *$966.84*, wherefore,

It is hereby ORDERED and DECREED that if Debtors shall fail to make the regular monthly payment (or any portion thereof) or fail to make payment toward the curing of the arrears as set forth above and Debtors fail to cure said default within ten (10) days after notice by *COAF* (or its counsel) of said default, counsel for *COAF* may file a Certification of Default with the Court setting forth Debtors' default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law. The Debtors shall be allowed to default and cure such default under this Consent Order one (1) time. Should Debtors default a second (2nd) time, notice of the default will be served, but the Debtors will not be granted an opportunity to cure the default and counsel for *COAF* may file a Certification of Default with the Court setting forth Debtors' default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362).

It is FURTHER ORDERED and DECREED that in the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph then *COAF*, through Counsel, may file a certification setting forth said failure and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

The failure by *COAF*, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of *COAF's* rights hereunder.

This Order is a supplement and in addition to the Contract and not in lieu thereof.

Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

It is further Ordered that the fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived.

# O R D E R

The foregoing Stipulation is APPROVED, subject to the requirement that, in the event of default relief from the automatic stay shall take effect only upon the entry of a court order.

BY THE COURT:

Date 3/15/18

_____
Eric L. Frank
U.S. BANKRUPTCY JUDGE

Post-Petition Arrears:    $3,040.00
Counsel Fees:            $ 481.00
*Total:*                 *$3,521.00*

Creditor: Capital One Auto Finance,
a division of Capital One, N.A.
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

DATED: 3/7/19

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

Debtors: Todd D. Polin and Heather E. Polin
By Counsel for Debtors: Brad J. Sadek, Esquire

By: _____
Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
(215) 545-0008

DATED:

Chapter 13 Trustee

_____
William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105
(215) 627-1377

Dated: