United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Todd D. Polin
Heather E Polin
    Debtors

Case No. 18-13469-elf
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: SaraR    Page 1 of 1    Date Rcvd: Aug 04, 2020
                         Form ID: pdf900    Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 06, 2020.
db/jdb         +Todd D. Polin,    Heather E Polin,    328 N. Penn Street,    Hatboro, PA 19040-4808

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: acg.acg.ebn@americaninfosource.com Aug 05 2020 04:11:48
      Capital One Auto Finance, a division of Capital On,    4515 N Santa Fe Ave. Dept. APS,
      Oklahoma City, OK 73118-7901
cr             +E-mail/PDF: gecsedi@recoverycorp.com Aug 05 2020 04:11:47      Synchrony Bank,
      c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                                                                                       TOTAL: 2

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2020                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 4, 2020 at the address(es) listed below:
          BRAD J. SADEK    on behalf of Joint Debtor Heather E Polin brad@sadeklaw.com,    bradsadek@gmail.com
          BRAD J. SADEK    on behalf of Debtor Todd D. Polin brad@sadeklaw.com,    bradsadek@gmail.com
          JASON BRETT SCHWARTZ    on behalf of Creditor    Capital One Auto Finance
           jschwartz@mesterschwartz.com
          KARINA  VELTER    on behalf of Creditor    Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto
           amps@manleydeas.com
          KEVIN G. MCDONALD    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
          KEVIN G. MCDONALD    on behalf of Creditor    LOAN CARE SERVICING CENTER, INC
           bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor    LOANCARE LLC bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor    LOAN CARE SERVICING CENTER, INC
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                                                                               TOTAL: 10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Todd D. Polin<br>Heather E. Polin<br>     Debtors | CHAPTER 13 |
| LOAN CARE SERVICING CENTER, INC<br>     Movant<br>vs. | NO. 18-13469 ELF |
| Todd D. Polin<br>Heather E. Polin<br>     Debtors | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>     Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,301.60** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2020 to July 2020 at $1,469.79/month |
| Suspense Balance: | $1,107.77 |
| **Total Post-Petition Arrears** | **$3,301.60** |

2. The Debtor shall cure said arrearages in the following manner:

 a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,301.60.**

 b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,301.60** along with the pre-petition arrears;

 c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due August 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,469.79 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 15, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 7/29/20

Brad J. Sadek, Esquire
Attorney for Debtors

Date: 8/3/2020

/s/ LeRoy W. Etheridge, Esq.   for
William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any
trustee rights and remedies

**ORDER**

Approved by the Court this 4th day of August, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank